IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NOEL SEGURA NARANJO, <br> A# 241-897-777, <br><br> *Petitioner*, <br><br> V. <br><br> KRISTI NOEM, Secretary of the U.S. <br> Department of Homeland Security, *et al.*, <br><br> *Respondents*. | § § § § § § § § § § § § | CIVIL ACTION NO. SA-26-CV-00972-FB |

### ORDER DENYING MOTION TO ENFORCE

Before the Court is Petitioner's Motion to Enforce Federal Court Order, for Issuance of Writ in Aid of Jurisdiction, and for Immediate Release (ECF No. 10), filed by Petitioner Noel Segura Naranjo ("Petitioner") on March 11, 2026. On March 4, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus ("Order") and ordered Respondents (or the "Government") to either: (1) provide Petitioner with a bond hearing before an immigration judge, at which the Respondents were to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. (ECF No. 5 at page 6). Petitioner has now informed the Court that, on March 10, 2026, an immigration judge denied Petitioner bond because Petitioner poses a flight risk. (ECF No. 10-2) (Order of immigration judge). Thus, Petitioner remains detained.

Petitioner has filed a motion to enforce this Court's Order and release Petitioner, arguing that Respondents failed to comply with this Court's March 4 Order because the immigration judge's order "contains no statement that DHS proved dangerousness or flight risk by clear and convincing evidence" and rests on factual errors. (ECF No. 10 at page 4). Petitioner argues Respondents "have not provided the hearing this Court ordered." (*Id.*).

-2-

This Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678-79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, at the March 10 bond hearing, the immigration judge heard the evidence and made a factual finding regarding Petitioner's flight risk. "Whether the Court agrees with the [immigration judge's] flight risk determination is of no importance–the Court simply lacks jurisdiction to review such a discretionary finding." *Pineda-Romero v. Olsen*, Cause No. EP-26-CV-257-KC (ECF No. 8 at page 2) (W.D. Tex. Feb. 20, 2026) (citing *Lopez Arevelo*, 801 F. Supp. 3d at 678-79).

IT IS THEREFORE ORDERED that Petitioner's Motion to Enforce Federal Court Order, for Issuance of Writ in Aid of Jurisdiction, and for Immediate Release (ECF No. 10) is DENIED.

It is so ORDERED.

SIGNED this 12th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE